UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| SHANEEKA SMITH, on behalf of herself and all others similarly situated | § § § | |
| *Plaintiff* | § § | CASE NUMBER: 1:18-cv-00818 |
| v. | § § | |
| NATIONWIDE EVICTION, LLC | § § | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | § § § § | |

## PLAINTIFF'S ORIGINAL CLASS COMPLAINT

1. Plaintiff Shaneeka Smith brings this action for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain statutory damages, actual damages, costs and reasonable attorney's fees for the Defendant's violations of the FDCPA and the TDCA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a).

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## THE PARTIES

4. Plaintiff Shaneeka Smith ("**Plaintiff**" or "**Smith**") is an individual residing in Travis County, Texas.

5.      Defendant Nationwide Eviction, LLC ("**Nationwide**") is a company organized and existing under the laws of the state of North Carolina. Nationwide's principal place of business is located at:

>   Nationwide Eviction, LLC
>   309 E. Morehead Street
>   Suite 150
>   Charlotte, NC 28202

## FACTUAL ALLEGATIONS

6.      Since February of 2018, Smith has leased and resided in an apartment at the Lotus Village Apartments in Austin, Texas.

7.      Smith and her landlord's property management company had a verbal disagreement regarding, among other things, the landlord's failure to keep the premises reasonably free from vermin, including roaches, mice, and rats.

8.      After this disagreement, Lotus Village Apartments hired Nationwide to evict Smith from the leased residence.

9.      On or about August 18, 2015, Nationwide filed a sworn petition in Justice Court, Precinct 2, of Travis County, Texas, styled *JPL Lotus Village d/b/a Lotus Village Apartments vs. Shaneeka Smith*, case # J2-CV-18-3827.

10.     The petition was sworn to by Aurora Porter.

11.     On information and belief, Aurora Porter is an employee of Nationwide.

12.     The sworn petition stated that the sole grounds for eviction was the nonpayment of $27.00 for August 2018's rent.

13.     The eviction hearing was set by the court for August 30, 2018.

14.     A quirk of the Texas legal system allows non-lawyers to represent corporate landlords at eviction hearings in Justice Court. *See* TRCP 500.4(b)(2).

15. On information and belief, at the August 30, 2018 eviction hearing, an unknown employee of Nationwide represented Lotus Village Apartments.

16. Nationwide describes itself as, "An interactive solution that allows you to manage all of your eviction needs electronically."[1]

17. David Merrill, who purports to be Nationwide's Director of Business Development, wrote, "Nationwide Eviction is a platform that helps Landlords and Property Managers collect delinquent rent faster."

18. The services Nationwide provided to Lotus Village Apartments included drafting a lawsuit, filing a lawsuit, and then producing a representative to argue that lawsuit to a court.

19. Nationwide, although not a law firm, was performing services to Lotus Village Apartments historically associated with attorneys-at-law and law firms.

20. Nationwide was acting as Lotus Village Apartment's attorney-in-fact.

21. Nationwide requested the justice court grant possession to the landlord and also that Smith (then defendant in the eviction case) be ordered to pay $558.00 to Nationwide's client, Lotus Village Apartments.

22. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

23. The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

24. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

25. Plaintiff is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

26. Nationwide regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

27. Nationwide is a "debt collector" as defined by § 1692a(6) of the FDCPA.

---

[1] www.nationwideeviction.com

28. Nationwide is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

29. On February 20, 2015 the Texas Secretary of State forfeited the charter, certificate or registration of Nationwide pursuant to § 171.309 of the Texas Tax Code.

30. As of September 5, 2018, Nationwide does not have a $10,000 surety bond on file with the Texas Secretary of State.

## COUNT I. VIOLATION OF THE FDCPA § 1692e(2)(A)

31. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

32. Nationwide has made false representations of the amount of the alleged debt.

33. Specifically, Nationwide either falsely represented the amount of the debt when it filed the evict lawsuit and alleged $27.00 was owed, or it falsely represented the amount at the eviction hearing when it alleged $558.00 was owed, or both.

## COUNT II. VIOLATION OF THE FDCPA § 1692f

34. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

35. Nationwide used an unfair means of collecting a consumer debt by engaging in unauthorized practice of law.

36. Nationwide's practice of law was specifically unauthorized because its charter was forfeited and it lacked the required surety bond.

## COUNT III. VIOLATION OF TDCA § 392.101

37. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

38. Nationwide does not have a $10,000 bond on file with the Texas Secretary of State as required.

## CLASS ALLEGATIONS

39. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Texas:

> i. from whom Nationwide attempted to collect a debt by providing legal representation; and
>
> ii. from whom Nationwide attempted to collect a debt while not having a surety bond on file with the Texas Secretary of State.

40. On information and belief, the class consists of more than 35 people.

41. Plaintiff's claims are typical of the claims of the class. Common questions of law and fact raised by this class action complaint affect all members of the class and predominate over any other individual issues. Common relief is therefore sought on behalf of all members of the class. This class action is superior to other available methods of fair and efficient adjudication of this controversy.

42. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class, and a risk that any adjudications with respect to individual members of the class would, as a practical matter, either be dispositive of the interests of the other members of the class not party to adjudication, or substantially impair or impede their ability to protect their interests.

43. Plaintiff will fairly and adequately protect and represent the interests of the class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with members of the class because Nationwide's conduct was perpetrated on all members of the class and will be established by common proof.

## REQUEST FOR RELIEF

44. Plaintiff requests that this Court award:

a. Statutory damages in favor of all class members pursuant to 15 U.S.C. § 1692k(a)(2);

b. Statutory damages of not less than $100 for each violation for each class member pursuant to Tex. Fin. Code § 392.403(e);

c. Actual damages;

d. Injunctive relief;

e. Costs; and

f. A reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,
By: s/Tyler Hickle
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
**Law Office of Tyler Hickle, PLLC**
4005C Banister Lane, Ste. 120C
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tylerhickle@hicklelegal.com